AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Olver Banegas-Mendoza

Defendant(s)

Case No. 3:17-mj-1147-JBT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 9, 2017 in the county of Duval in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326 | Illegal reentry of removed aliens |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Border Patrol Agent Rafael Torres
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 05/10/2017

[signature]
*Judge's signature*

City and state: Jacksonville, Florida

Honorable Joel B. Toomey
*Printed name and title*

## CRIMINAL COMPLAINT AFFIDAVIT

I, Rafael Torres, being a duly sworn and appointed Border Patrol Agent for the Department of Homeland Security, Customs and Border Protection, United States Border Patrol, hereby make the following statement in support of the attached criminal complaint.

1. Your affiant has been a Border Patrol Agent for sixteen years. Your affiant has training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. On May 9, 2017, your affiant was assigned patrol and other agency response duties on and around Interstate 95 ("I-95") in Duval and Nassau Counties, Florida. From training and experience, your affiant knows that I-95 in this area is part of a corridor traveled by undocumented aliens into and out of Florida.

3. On May 9, 2017, at approximately 9:00 a.m., your affiant and Supervisory Border Patrol Agent (SBPA) Luis Nunez-Diaz noticed an unoccupied red van at a store on University Avenue close to the intersection of I-95 in Duval County. Your affiant ran the license plate on the van and learned the registered owner was an unlicensed alien with no history of legal application for immigration status (indicating possible illegal alienage). While your affiant waited for computerized checks to return regarding the van, your affiant, in uniform and driving a marked Border Patrol vehicle, noticed a man inside the store pacing nervously.

The man in the store appeared to notice your affiant but continued pacing inside for several minutes. Your affiant then pulled away from the location while SBPA Nunez-Diaz observed the van from his unmarked vehicle nearby.

4. At about 9:15 a.m., SBPA Nunez-Diaz saw two men (including the man originally spotted by Agent Torres) exit the store and enter the red van. The men then began to drive away from the store in the van. Due to the actions of the men, the record checks on the license plate, the location (including proximity to I-95), and their experience, the agents believed the van was transporting illegal aliens. Your affiant and SBPA Nunez-Diaz then stopped the van on University Avenue without incident. Your affiant and SBPA Agent Nunez-Diaz then walked up to the van, identified themselves, and interviewed the occupants. The driver and passenger acknowledged your affiant but did not appear to understand English. Your affiant and SBPA Nunez-Diaz then identified themselves as Border Patrol Agents in the Spanish language, at which time the driver and passenger responded in Spanish.

5. During the encounter, your affiant asked the driver what his country of birth was. The driver, identified as Olver BANEGAS-MENDOZA, replied that he was from Honduras. BANEGAS-MENDOZA stated that he last entered the United States on or about January 3, 2013, near McAllen, Texas. He admitted that he had crossed the border illegally and that he had not been inspected by an immigration officer. BANEGAS-MENDOZA was then administratively arrested and transported to the Jacksonville Border Patrol Station for processing.

6. At the Border Patrol Station, the Border Patrol's Miami Sector Dispatch was contacted and asked to run immigration service computer checks on BANEGAS-MENDOZA. These checks revealed that a Honduran citizen with BANEGAS-MENDOZA's name and date of birth had been ordered excluded or removed by an Immigration Judge and had subsequently departed the United States three times including on July 22, 1998, through Washington, D.C., on May 13, 2011, through New Orleans, Louisiana, and on August 23, 2012, through New Orleans, Louisiana.

7. Your affiant then entered BANEGAS-MENDOZA's fingerprints into an automated biometric identification system that compares a person's fingerprints with the fingerprints in a database of persons who have been previously encountered by immigration authorities. The system returned a match and reflected that BANEGAS-MENDOZA had been previously encountered and, as a result of this encounter, had been assigned an Alien Registration number ("A-number"). Your affiant then conducted additional computer checks using the A-number, which reflected that BANEGAS-MENDOZA is a citizen and national of Honduras who has been previously removed to Honduras, as stated above. There was no record that BANEGAS-MENDOZA had ever applied for or received permission from the Attorney General or the Secretary of Homeland Security for the United States to re-enter the United States.

8. On May 9, 2017, your affiant interviewed BANEGAS-MENDOZA. Before the interview, BANEGAS-MENDOZA was advised of his constitutional rights

in the Spanish language. BANEGAS-MENDOZA indicated that he understood these rights and that he was not willing to answer questions without an attorney present. All questioning ceased at that point.

9. On May 9, 2017, at approximately 11:30 a.m., Assistant United States Attorney Laura Cofer Taylor was advised of the foregoing facts and she authorized criminal prosecution of BANEGAS-MENDOZA.

Based upon the foregoing facts, your affiant believes there is probable cause to establish that Olver BANEGAS-MENDOZA is a citizen of Honduras who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported or removed from the United States, in violation of Title 8, United States Code, Section 1326.

Rafael Torres, Border Patrol Agent
United States Border Patrol
Jacksonville, Florida